# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JAMARI WRIGHT and JEREMY WRIGHT WHITEHORN,<br><br>Plaintiffs,<br><br>v.<br><br>Chicago Police Officers J. Rankin, Star No. 13982, M. Brogsdale, Star No. 5508, A. Henry, Star No. 749, Stephen Prince, Star No. 19124, Socrates Mabry, Star No. 21032, Martin Robin, Star No. 20457, and Detective Krettek, Star No. 894,<br><br>Defendants. | Case No.: 25-cv-00097<br><br>COMPLAINT<br>FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Jamari Wright ("Wright") was within the jurisdiction of this court.

4. At all times herein mentioned, Plaintiff Jeremy Wright Whitehorn ("Whitehorn") was within the jurisdiction of this court.

5. At all times herein mentioned, Chicago Police Officer J. Rankin, Star No. 13982 ("Rankin") was employed by the City of Chicago Police Department and was acting under color

of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, Chicago Police Officer M. Brogsdale, Star No. 5508 ("Brogsdale") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned, Chicago Police Officer A. Henry, Star No. 749 ("Henry") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned, Chicago Police Officer Stephen Prince, Star No. 19124 ("Prince") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned, Chicago Police Detective Socrates Mabry, Star No. 21032 ("Mabry") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned, Chicago Police Detective Martin Robin, Star No. 20457 ("Robin") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned, Chicago Police Detective Krettek, Star No. 894 ("Krettek") was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

## FACTUAL ALLEGATIONS

12. On or about January 27, 2023, in the City of Chicago, Illinois, Plaintiffs were seized by Defendants Brogsdale and Rankin.

13. Defendants Brogsdale and Rankin had not witnessed Plaintiffs engage in any illegal actions prior to seizing Plaintiffs.

14. No witness had informed Brogsdale and Rankin that Plaintiffs had engaged in any illegal activity prior to seizing Plaintiffs.

15. Plaintiffs had not engaged in any illegal actions before they were seized by Brogsdale and Rankin.

16. Brogsdale and Rankin did not have any information indicting that Plaintiffs were about to commit any illegal action before they seized Plaintiffs.

17. There was no basis for Brogsdale and Rankin to seize Plaintiffs.

18. After seizing Plaintiffs Brogsdale and Rankin did not learn any information indicating that Plaintiffs had committed or were about to commit any illegal action.

19. Despite not having any basis to continue the seizure of Plaintiffs Defendants Brogsdale and Rankin caused the seizure of Plaintiffs to continue by having them transported to a Chicago Police Department facility.

20. After arriving at the Chicago Police Department facility Plaintiffs were detained for approximately 48 hours.

21. The detention of Plaintiffs for approximately 48 hours was caused by Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin.

22. Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin, caused Plaintiffs to be detained for approximately 48 hours despite having no facts indicating that Plaintiffs had committed or were about to commit any illegal actions.

23. After approximately 48 hours Plaintiffs were released from police custody without being charged with any crime.

24. By reason of the above-described acts and omissions of Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to thier damage in an amount to be ascertained.

25. The aforementioned acts of Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin. were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of thier rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees

4

pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiffs against Defendants Brogsdale and Rankin**
**UNREASONABLE SEIZURE**

27. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of the conduct of Brogsdale and Rankin, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' persons was in violation of Plaintiffs' constitutional rights and not authorized by law. Brogsdale and Rankin violated Plaintiffs' rights in the following manner: (1) causing the initial seizure of Plaintiffs' persons without any legal cause. These acts were in violation of Plaintiffs' Fourth Amendment rights. Therefore, Brogsdale and Rankin are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiffs against Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and Robin**
**for**
**UNREASONABLE DETENTION**

30. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

5

31. Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin caused Plaintiffs to be detained for approximately 48 hours.

32. Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin did not have probable cause to believe Plaintiffs had committed any illegal act.

33. By reason of the conduct of Defendants Brogsdale, Rankin, Kettrek, Henry, Prince, Mabry, and/or Robin Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

34. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' person was in violation of Plaintiffs' constitutional rights and not authorized by law. Defendants violated Plaintiffs' rights in the following manner: (1) Causing Plaintiffs to be subjected to a detention for approximately 48 hours without any probable cause for the detention in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs, by and through their attorneys request judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                BY: s/Garrett Browne

                ED FOX & ASSOCIATES, Ltd.
                Attorneys for Plaintiffs
                118 N. Clinton
                Suite 425
                Chicago, Illinois 60661
                (312) 345-8877
                gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                BY: s/Garrett Browne

                ED FOX & ASSOCIATES, Ltd.
                Attorneys for Plaintiffs
                118 N. Clinton
                Suite 425
                Chicago, Illinois 60661
                (312) 345-8877
                gbrowne@efoxlaw.com